STATE, EX REL. GEORGE A. MAGNEY, COUNTY ATTORNEY, APPELLANT, V. RICHARD C. HUNTER ET AL., APPELLEES.

FILED MARCH 4, 1916. No. 19520.

Constitutional Law: COURTS: MUNICIPAL COURT. Chapter 182, Laws 1915, establishing a municipal court for cities of the metropolitan class, is not unconstitutional.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*H. H. Bowes* and *John G. Kuhn,* for appellant.

*John P. Breen, contra.*

SEDGWICK, J.

In 1915 the legislature enacted a statute to create a municipal court in cities of certain classes. Laws 1915, ch. 182. It applied to each city of the metropolitan class, and was approved April 9, 1915, and could not "take effect until three calendar months after the adjournment of the session at which it was passed." Const., art. III, sec. 24. In October, 1915, the governor appointed the re-

spondents as judges of the municipal court of Omaha, a city of the metropolitan class, and on the 3d day of November, 1915, the relator filed his petition in *quo warranto* in the district court for Douglas county to try the right of respondents to exercise the duties of that office. The district court found the issues in favor of the respondents and dismissed the petition and the relator has appealed.

The contention is that the act is unconstitutional, and that there was no vacancy within the meaning of the act, and therefore the governor could not appoint. Many reasons are urged for considering the act unconstitutional. It is said it violates ten separate sections of the Constitution. It will, of course, be impossible to discuss in this opinion all of these objections at large. It does not violate section 11, art. III of the Constitution, by amending another existing law without repealing the same. It is contended that the act is not complete in itself because it provides that in certain respects the procedure in this court shall be the same as in the district court, and in other respects as in the county court, and does not itself provide in detail for these matters. The maxim *"Certum est quod certum reddi potest,"* applies. The procedure is made certain in this act by providing what manner of procedure shall govern.

The act properly provides for the payment of the salaries of the judges and clerk of the court, and in that respect does not amend or interfere with the salaries of any other officers. The proviso that the answer or demurrer shall be filed on or before the first Monday after the return day and the reply or demurrer of the plaintiff on or before the second Monday after return day in cases where the practice of the district court is provided for does not render the act unconstitutional.

The provision that unclaimed witnesses' fees shall be forfeited to the city does not require that fines and forfeitures shall be paid to the city instead of the school fund, and does not amend the existing statute upon that subject.

The act does not violate section 19, art. VI of the Constitution, which provides that "all laws relating to courts shall be general, and of uniform operation," because it applies only to certain counties, and not to all counties of the state. The Constitution does not prohibit the establish- ment of courts of local jurisdiction, and it especially provides that the legislature may establish courts inferior to district courts "for cities and incorporated towns." The jurisdiction of such courts is, of course, limited to the cities and towns for which they are established. The act makes this court a court of record, and does not give the judges thereof jurisdiction at chambers, but this is not a violation of section 23, art. VI of the Constitution, which only authorizes, but does not require, the legislature to give the judges of such courts jurisdiction at chambers.

The statute does not violate the Constitution because it fails to make direct provision for trial by jury. This is covered by the general provision governing procedure.

The provision giving this court concurrent jurisdiction with the district court in certain cases does not give the right of appeal to this court from justice of peace courts. County courts generally have concurrent jurisdiction with district courts in certain cases, and no appellate jurisdiction has been claimed for county courts.

Transcripts of judgments of county courts are filed in the district court of any county in the state. The provision that transcripts form the judgments of this court may be also so filed is not invalid.

The provision that judges of this court shall have and exercise the ordinary powers and jurisdiction of a justice of the peace does not invalidate the act as conferring power upon the judges instead of upon the court. This provision in the same words as to county courts has never been so construed nor questioned.

The fact that the act applies to only one city, as the cities of the state are now populated, does not make it class legislation. It will apply to other cities also when they have attained the necessary number of people. The

Honorable W. A. Redick, before whom this case was heard in the district court, remarked in a scholarly opinion which we find in the record: "It is somewhat difficult to fathom the reasons of the legislature for establishing a municipal court for the city of Omaha and one for the city of South Omaha, and failing to provide for such a court in the city of Lincoln, and I shall not attempt a solution of this problem, as I do not deem it necessary. Assuming that the legislature has the power to create municipal courts for cities of the different classes, I think it must be conceded that incident to such power the legislature may select, in its discretion, those classes which are to be included in the provisions of the act, and, unless it can be affirmatively asserted that the action of the legislature is absolutely without logical support, the courts may not interfere with such discretion." This seems to answer the objection which is indicated therein.

The number of inhabitants of a city is not so unreasonable a basis for classification as to require the courts to interfere with the discretion of the legislature. The decision of the supreme court of Minnesota in *State v. Ritt,* 76 *Minn.* 531, is relied upon as holding otherwise. That case, in an opinion by Mitchell, J., held that a statute of that state which provided that a county assessor should be elected in each county having a population of not less than 100,000 and not over 185,000 inhabitants "is invalid, as being special legislation regulating the affairs of counties, in violation of section 33, art. IV of the Constitution; the attempted classification by population, as applied to the subject of the act, being incomplete, arbitrary, and evasive of the provisions of the Constitution." The court states what it considers the only theory upon which such a basis of classification would be proper, and says: "There is no apparent reason suggested by necessity, or by the difference in the situation or circumstances of counties having a population of not less than 100,000 and not over 185,000 and counties having a population of over 185,000, why the county assessor system should be applied

State, ex rel. Magney, v. Hunter.

to the former, and the latter left under the local assessor system in the same class with counties having a population of less than 100,000. The attempted classification is therefore arbitrary and incomplete, for the reason that it does not include all the members of the same class, but excludes some whose conditions and wants render such legislation equally necessary and appropriate to them as a part of the same class." We would not be so confident that, because "no apparent reason" was suggested to the minds of the judges, there could not possibly be a sufficient reason in the minds of the legislators. They are in better position to know the "conditions and wants" of different classes of population than are the courts. If the legislature has made a mistake as to the condition and wants of the counties of the largest population, would that compel the court to hold that suitable provision for the condition and wants of counties not quite so populous must be overthrown? This court considers that we cannot be too careful to avoid interference with the legislature's determination of questions of public policy. We do not assume to determine such questions. Even if compelled to hold the application of this statute to cities of less than 40,000 population invalid, we would hesitate to declare it unconstitutional in its application to cities of the metropolitan class.

The question whether the governor was authorized to appoint the members of this court when the statute took effect appears to be presented by the record, but is not insisted upon by the parties, and without further investigation we have concluded to affirm the judgment of the district court.

AFFIRMED.