STATE, EX REL. RICHARD C. HUNTER, ATTORNEY GENERAL, APPELLEE, V. JOHN A. MAGUIRE, APPELLANT.

285 N. W. 921

FILED MAY 26, 1939. No. 30660.

*Sam C. Zimmerman* and *Otto K. Perrin*, for appellant.

*Walter R. Johnson, Attorney General, John L. Riddell, Rush C. Clarke, C. S. Beck, Sterling F. Mutz, Bernard S. Gradwohl* and *R. W. Devoe, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and KROGER, District Judge.

KROGER, District Judge.

The question presented by this appeal is whether an appointment to fill a vacancy in the municipal court of the city of Lincoln is for the unexpired term or until the next election at which the vacancy can be filled.

The undisputed facts as disclosed by the record are that, at the general election in 1936, John L. Polk was elected municipal judge for the ensuing term of four years, commencing January, 1937. In the fall of 1937,

John L. Polk was appointed to the district bench and resigned as municipal judge. On December 31, 1937, the appellant, John A. Maguire, was appointed municipal judge of the city of Lincoln, after a previous appointee had resigned. The appointment by the governor, under date of December 31, 1937, was "for a period not exceeding January, 1941." In the spring of 1938, Edward C. Fisher, the appellant, and others filed as candidates for said office at the primary election, and appellant and Edward C. Fisher were the successful nominees. At the election in November, 1938, Edward C. Fisher received the highest number of votes and was declared elected. Appellant thereupon refused to surrender his office and two actions were commenced by the attorney general, one praying for a writ of mandamus directing appellant to surrender the books, records and office of judge of the municipal court of the city of Lincoln, and the other seeking to enjoin him from performing the functions of that office pending a determination of the controversy. These actions were later consolidated and trial was had before the four judges of the district court in and for Lancaster county, Nebraska, sitting en banc, and the judgment of the trial court was in favor of the plaintiff. From this judgment and the overruling of his motion for new trial, John A. Maguire appeals.

It is the contention of the appellant that since section 22-102, Comp. St. 1929, provides that "Any vacancy in the office of the judge of the municipal court shall be filled by appointment in the same manner as judges of the district court," it not only means that they are to be appointed by the governor, but they are also to be appointed for the unexpired term.

It is the contention of appellee that section 21, art. V of the Constitution of Nebraska, definitely disposes of this controversy in that it provides that vacancies in the office of any judge of the supreme court or of any district court shall be filled by appointment by the governor for the unexpired term, and that "Vacancies in all other elective offices provided for in this article shall be filled by election.

but when the unexpired term does not exceed two years the vacancy may be filled by appointment in such manner as the legislature may provide."

There is some confusion as to the correct wording of section 21, art. V of the Constitution of Nebraska. According to the engrossed copy prepared after the proposed amendments had been submitted and voted upon by the people, said section reads: "Vacancies in all other elective offices shall be filled by election." From an examination of the original proposal, which was proposal 313, section 18 of the Constitutional Convention, we find that the words "provided for in this article" follow immediately after the word "offices" and reads as follows: "Vacancies in all other elective offices provided for in this article shall be filled by election." This proposal, in its original form, was voted upon and passed by the Constitutional Convention and was submitted to the people and adopted in that form, and it was after the adoption of the amendment that the words "provided for in this article" were erroneously omitted from the Constitution, and that portion of section 21 should read "Vacancies in all other elective offices provided for in this article shall be filled by election."

Appellant argues that, since municipal courts are not mentioned in the Constitution, they are not provided for by the Constitution, and that consequently the office of municipal judge is not included in the provision "Vacancies in all other elective offices provided for in this article shall be filled by election," but, being a legislative office, is governed by the applicable statutes. This view does not appear to be tenable.

By section 1, art. V of the Constitution, all judicial power is vested in "a supreme court, district courts, county courts, justices of the peace, and such other courts inferior to the supreme court as may be created by law." While municipal courts are not specifically mentioned, the authority for the establishment of the same is clearly contained in the provision "and such other courts inferior to the supreme court as may be created by law." That was the holding of this

court in the case of *State v. Hunter,* 99 Neb. 520, 156 N. W. 975, by virtue of a similar provision in the Constitution of 1875. Can it be said that the Constitution makes provision for the creation of a municipal court, but that such court is not "provided for" by the Constitution? The answer is obvious.

Thus, it was held in *O'Donoghue v. United States,* 289 U. S. 516, 53 S. Ct. 740, that section 1, art. III of the United States Constitution, makes provision for the supreme court and the court of appeals of the District of Columbia, although there, as in our state Constitution, such courts are not specifically mentioned, but are held to be provided for under the authority granted congress to establish courts inferior to the supreme court of the United States.

And in the case of *People v. Rucker,* 5 Colo. 455, where a question almost identical with the one presented here was before the court, that court used the following language: "We are asked to say that 'provided for' means created or established, and that it includes only the courts created and established by the article. This would be substitution, not interpretation." See, also, 15 C. J. 854.

We are convinced that the municipal courts are provided for within the meaning of section 21, art. V of the Constitution of Nebraska, and that vacancies in said courts are to be filled as by said section provided.

In this case, the unexpired term at the time of appellant's appointment exceeded two years and, in accordance with the constitutional provision, it was to be filled by election, and any statute attempting to provide a different method of filling the vacancy would be invalid.

We do not, however, hold that section 22-102, Comp. St. 1929, is unconstitutional. If it were to be construed as appellant contends for, it would be unconstitutional. But it is not necessary to so construe it, and we interpret that section to designate who has the appointive power, and that it does not attempt to fix the term of the appointment.

The judgment appealed from is

AFFIRMED.