WILLIAM F. SHEAR, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

FILED FEBRUARY 1, 1929. No. 26309.

*E. J. Robins* and *Charles H. Yost*, for appellant.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

RAPER, District Judge.

This is an action for damages sustained by plaintiff, caused by the alleged negligence of the agents of the state in placing an obstruction in a highway which was exclusively under the control and maintenance of the state through its highway department, and thereby causing plaintiff's car to overturn and injure him and his car. The action was authorized by a resolution of the senate,

which purports to give authority to the plaintiff to prosecute his suit to final judgment in the district court for Dodge county, for the purpose of ascertaining and adjudicating his claim and the liability of the state for the payment thereof. The state interposed a general demurrer, that the petition does not state a cause of action against the defendant. This demurrer was sustained and plaintiff's action dismissed. Plaintiff appeals.

The district court did not state the grounds upon which the demurrer was sustained, but appellant in his brief states that the court held that one branch of the legislature was without authority to waive the sovereignty of the state; that the resolution gave only the right to sue, and did not take away from the state the defense of sovereignty; that there is no right of action at common law and no constitutional provision or statute making the state liable.

It may be laid down as a universal rule that a state is not liable to a person injured by the negligence of its employees, unless there is a statute or constitutional provision permitting recovery therefor, so it becomes necessary to determine what authority the legislature and Constitution have granted as to such demands.

Section 22, art. V of the Constitution, provides: "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought."

This provision is not self-executing and requires legislative action to make it effective, and no suit could be maintained against the state until the legislature, by law, made provision therefor.

In 1877 the legislature passed an act entitled "An act to provide in what courts the state may sue and be sued," being section 1100, Comp. St. 1922. It grants jurisdiction to the district courts to hear and determine: "First. All claims against the state filed therein which have previously been presented to the auditor of public accounts, and have been in whole or in part rejected or disallowed. Second. All claims or petitions for relief that may be presented to

the legislature, and which may be by any law, or by any rule or resolution of the legislature, or either house thereof, referred to either of said courts for adjudication." The plaintiff claims that this statute, and the resolution of the senate, waive the defense of sovereignty and is sufficient to give right of recovery to the plaintiff on his cause of action for negligence.

This precise question has not been decided by this court, but there are a number of decisions which the appellant insists control this case and give to him the right to recover. He cites *Lancaster County v. State,* 74 Neb. 211, *Lancaster County v. State,* 97 Neb. 95, *Benda v. State,* 109 Neb. 132, and *City of Chadron v. State,* 115 Neb. 650. The first two of these cases were brought against the state to recover money which had been erroneously paid under mistake of fact to the state treasurer, and the *Commonwealth Power Co. v. State,* 104 Neb. 439, was likewise a case to recover from the state money which had been paid to the secretary of the state board of irrigation under a mistake of fact. The court held in each of those cases plaintiff could recover the money so paid to the state, under the facts shown. The sovereignty of the state does not appear to have been questioned in the opinions in those cases. The *Benda* case was decided against him, solely on the ground that the state's agents were trespassers, were not engaged in the state's business at the time the wrong was committed, and therefore the state was not liable. In the *City of Chadron* case, the city water conduit was laid under a state highway and the state's agents in grading the road removed and took and destroyed that part of the water pipes that were within the highway. The city claimed damages for the part taken and destroyed and also other damage that accrued to other parts of its water system, because of the removal of that part in the highway. This court permitted recovery for the value of the water pipes actually taken by the state's agents, but refused to allow any other damage. Thus, that case seems to have been decided upon the principle of the *Lancaster County* cases

that, where state had taken or received property wrongfully, the state was liable for the amount so taken and received. The refusal of the court to allow damages or recovery beyond the value of the water pipes taken is significant.

There is no statute making the state liable for the negligence of its employees. The senate resolution authorized the plaintiff to maintain the suit for the purpose of ascertaining, determining and obtaining an adjudication of his claim and the liability of the state for the payment thereof. Even if one branch of the legislature could by resolution (which is not conceded) render the state liable for the negligence of its agents, the resolution of the senate falls far short of any attempt to make the state liable for such negligence. The resolution simply gave the right to bring the action, but did not create a cause of action. By virtue of its sovereignty, there was no obligation or duty on the state to respond in damages for the negligence of its agents.

The effect of the constitutional provision and section 1100, Comp. St. 1922, and the resolution of the senate is very clearly stated in 36 Cyc. 915:

"By consenting to be sued a state simply waives its immunity from suit. It does not thereby concede its liability to plaintiff, or create any cause of action in his favor, or extend its liability to any cause not previously recognized. It merely gives a remedy to enforce a preexisting liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense."

It has been contended that when the legislature uses the word "claims," as expressed in section 1100, it included a claim for tort or negligence. The Massachusetts supreme court, in *Murdock Parlor Grate Co. v. Commonwealth*, 152 Mass. 28, which was an action for tort, construing a statute which gave jurisdiction to the supreme court of "all claims against the Commonwealth, whether at law or in equity," uses this language: "While the words 'all claims' may, in their colloquial use, include a

demand for damages occasioned by a tort to person or property, in its more proper judicial sense it is a demand of some matter as of right made by one person upon another for some particular thing, or compensation therefor, or to do or to forbear to do something as a matter of duty"— and the court held in that case that their statute did not permit a recovery against the state for damages resulting from misfeasance or negligence of its officers and agents.

Wisconsin has a statute which provides that it shall be competent for any person deeming himself aggrieved by the refusal of the legislature to allow any just claim against the state to commence an action against the state by filing a complaint, etc., and their supreme court held, in *Houston v. State,* 98 Wis. 482, that the statute relates only to claims which, if allowed, render the state a debtor to the claimant, and does not include a demand based upon unlawful or tortious acts of officers and agents of the state.

Such distinction has been recognized in all those cases where recovery had been permitted against this state, although not directly expressed in the opinions in those cases, and particularly in the *City of Chadron* case, where, if this court had construed the resolution of the House as granting right of recovery for the tort, consequential damages could have been allowed the same as in actions between individuals.

The legislature has not by law granted to any one the right to recover against the state damages for negligence of any of its officers, agents, or employees, and until such legislation is enacted, no recovery against the state can be had for such negligence. A resolution of one branch of the legislature, even if sufficient to permit suit, does not render the state liable for such negligence, and it therefore follows that the district court properly sustained the demurrer and dismissed plaintiff's action, and its judgment is

AFFIRMED.