RICHARD HALSTEAD, APPELLANT, V. FARMERS IRRIGATION DISTRICT, APPELLEE.

263 N. W. 2d 475

Filed March 15, 1978. No. 41389.

Nichols, Meister & Winner, for appellant.

Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The plaintiff is a lessee of farm land in Scotts Bluff County, Nebraska. He brought this action to recover damages for a portion of his crops which were destroyed in 1973 and 1974 by seepage from an irrigation canal owned and maintained by the defendant irrigation district.

A general demurrer filed by the defendant was sustained. The plaintiff elected to stand on his petition and the action was dismissed. The plaintiff has appealed.

The defendant district was organized under Chapter 46 of the Nebraska statutes. Although it is not shown by the pleadings, the plaintiff admits that the land which he leased was located within the boundaries of the defendant district. The question presented is whether the defendant is liable for seepage damage to land within its boundaries in the absence of negligence.

In Hooker v. Farmers Irr. Dist., 272 F. 600, decided in 1921, the United States Court of Appeals held that an irrigation district in Nebraska was liable for seepage damage under Article I, section 21, of the Constitution of Nebraska.

In Spurrier v. Mitchell Irr. Dist., 119 Neb. 401, 229 N. W. 273, decided in 1930, this court held that the owner of an irrigation ditch or canal was not liable to any one whose land was injured by seepage from the ditch or canal, not intentionally caused, unless the owner was negligent in the construction or operation of the works. The court specifically rejected a contention that the district was liable for seepage damage under Article I, section 21, of the Constitution of Nebraska. The constitutional provision prohibits the taking or damaging of private property for public use without just compensation.

The Spurrier case was followed in Livanis v. Northport Irr. Dist., 121 Neb. 777, 238 N. W. 757, and Omaha Life Ins. Co. v. Gering & Ft. Laramie Irr. Dist., 123 Neb. 761, 244 N. W. 296.

In the Omaha Life Ins. Co. case the court noted that the petition for the organization of the irrigation district had been signed by the person who had owned the land at the time the district was organized. The court stated that this gave rise to a contractual relationship with the district which resulted in the landowner being limited to the statutory remedy which was the right to have the land drained by the district on demand. See § 46-156 (2), R. R. S. 1943.

In Snyder v. Platte Valley P. P. & Irr. Dist., 144 Neb. 308, 13 N. W. 2d 160, the plaintiff sought to recover damages from the defendant district for negligence in the construction of a flume on its right-of-way. This court pointed out that without regard to whether the defendant was negligent, the plaintiff could recover under Article I, section 21, of the Constitution, citing Gledhill v. State, 123 Neb. 726, 243 N. W. 909. The court then noted that the Spurrier case was in conflict with the Gledhill case and stated: "An interesting statement with cited authorities in opposition to the holding in Spurrier v. Mitchell Irrigation District, supra, is found in the dissenting opinion in that case. In the view now taken we feel obliged, in the respect herein under consideration, to overrule the holding in that case."

In a later case, Halligan v. Elander, 147 Neb. 709, 25 N. W. 2d 13, the Snyder case was interpreted to mean that the Spurrier case had been overruled only insofar as it applied to public power and irrigation districts organized under Chapter 70, R. R. S. 1943.

It should be noted that public power and public power and irrigation districts organized under Chapter 70 had always been liable for seepage damage without regard to negligence and this liability had

been clearly established prior to the decision in the Snyder case. § 70-671, R. R. S. 1943; Applegate v. Platte Valley P. P. & Irr. Dist., 136 Neb. 280, 285 N. W. 585; Asche v. Loup River P. P. Dist., 138 Neb. 890, 296 N. W. 439; Heiden v. Loup River P. P. Dist., 139 Neb. 754, 298 N. W. 736; Luchsinger v. Loup River P. P. Dist., 140 Neb. 179, 299 N. W. 549.

In Baum v. County of Scotts Bluff, 169 Neb. 816, 101 N. W. 2d 455, a Chapter 46 irrigation district was held to be liable under Article I, section 21, of the Constitution, for damage caused by floodwaters resulting from a structure placed in a drainage ditch of the district. Among cases cited in support of this holding was the Snyder case.

Among the authorities cited in the Spurrier case was a California decision. It now appears that California follows the rule that an irrigation district which is maintained for distribution of water for public use is liable for seepage damage without regard to negligence. In Ketcham v. Modesto Irr. Dist., 135 Cal. App. 180, 26 P. 2d 876, the court said after discussing the rule of liability based on negligence: "The foregoing rule, however, is not applicable to the facts of the present case for the reason that the defendants are both irrigation districts which are maintained for the distribution of water for public use. The damaging of private land by the seeping of water from the reservoir or canals of an irrigation district which are constructed and maintained to supply water for public use, may not occur, under the inhibition of article 1, § 14, of the Constitution of California, without making just compensation therefor. It has been held this obligation is imposed upon one who takes or damages private property for public use, regardless of whether the acts complained of are the result of negligence. Tormey v. Anderson-Cottonwood Irr. Dist., 53 Cal. App. 559, 568, 200 P. 814, 818. In the order of the Supreme Court denying a hearing in the case last cited, after

a decision had been rendered therein by the District Court of Appeal, the court said: 'In so far as the opinion of the District Court of Appeal appears to indicate that the plaintiffs cannot recover damages for the injury to their land unless it appears that the flooding thereof which caused the injury was the proximate result of the negligence of the defendant in the construction and maintenance of its canal, we disapprove the same. The canal is constructed for public purposes and to serve the purpose of distribution of water to public use. Apparently the damage to the plaintiffs is caused directly by seepage of water carried in said canal through the intervening soil onto the adjoining land of the plaintiffs. In such cases the plaintiff is secured a right to damages by the constitutional provision that private property shall not be damaged for public use. Article 1, § 14. In such cases the care that may be taken in the construction of the public improvement which causes the damage is wholly immaterial to the right of the plaintiff to recover damage, if the improvement causes it. This was expressly decided in Reardon v. San Francisco, 66 Cal. 505, 56 Am. Rep. 109, 6 P. 317, and Eachus v. Los Angeles, 103 Cal. 614, 42 Am. St. Rep. 149, 37 P. 750.' '' See, also, Middelkamp v. Bessemer Irrigating Co., 46 Colo. 102, 103 P. 280; Maricopa County Municipal Water Cons. Dist. No. 1 v. Warford, 69 Ariz. 1, 206 P. 2d 1168.

After reviewing the previous decisions of this court, we are convinced that the decision in the Spurrier case was wrong and should be overruled.

The plaintiff's right to damages is grounded upon the provisions of Article I, section 21, of the Constitution of Nebraska, and it is a right which the Legislature could not destroy. A theory that every landowner within such an irrigation district has knowingly and intentionally waived his constitutional right to damages is unrealistic.

We hold that irrigation districts organized under

Chapter 46 of the Nebraska statutes are liable for seepage damages under Article I, section 21, of the Constituion of Nebraska, without regard to negligence.

The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.