PAUL STUTHMAN ET AL., APPELLANTS, V. HARVEY LIPPERT ET AL., APPELLEES.

287 N. W. 2d 80

Filed January 15, 1980. No. 42417.

Philip T. Morgan of Morgan & Morgan and Glenn A. Rodehorst, for appellants.

Raymond E. Baker of Baker, Tessendorf, Milbourn & Fehringer, P. C., for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This action is for relief in the form of an injunction, restraining alleged violations of restrictive cov-

enants contained in a dedication plat of Flamme First Subdivision, Platte County, Nebraska. The plaintiffs are the owners of and reside upon one of the lots in the subdivision. The defendants are the owners of and reside upon another and nearby lot in the same subdivision. After trial, the court dismissed the petition of the plaintiffs. The plaintiffs have appealed and assign and argue the following alleged errors of the trial court: (1) The decision is contrary to law and the evidence. (2) The court did not properly interpret the restrictive covenants. We affirm.

In their petition, the plaintiffs allege two violations of the covenants, viz., the erection of a building thereon not permitted by the covenants and the carrying on of a construction trade upon the property. The two covenants pertinent to the present suit are the following: "1. All of the above lots shall be known and described as Residential Lots, and no structure shall be erected on any residential building plot other than one, two, three or four family dwelling not to exceed two stories in height, and one, two, or three car garage. . . . 4. No noxious or offensive trade shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood."

The defendants, in their answer, denied violation of the covenants and also pleaded an estoppel, to wit, the plaintiffs were guilty of similar violations of the restrictive covenants and, therefore, were not in the position to demand injunctive relief.

The evidence shows that upon the defendants' property is a one-family dwelling with an attached two-car garage and an "outbuilding" of the approximate dimensions of 28 feet by 50 feet. This latter building has a single garage door at one end. The evidence also shows that upon the plaintiffs' property was located a single family residence with an attached two-car garage, together with what would ap-

pear to be a detached two-car garage of the approximate dimensions of 22 feet by 24 feet. Evidence also shows that other residential properties in the subdivision have dwelling houses with garages, together with other detached outbuildings.

At the time of trial, the plaintiffs did not and in their brief to this court do not urge injunctive relief directing the removal of the 28 by 50 outbuilding; they ask only that the operation of the business thereon be enjoined.

The plaintiffs introduced evidence tending to show the defendants were operating a construction business from the outbuilding. The defendants introduced evidence tending to show that this was not true, that most of the activities to which the plaintiffs objected were those which took place during 1976 and 1977 when their residence was being constructed on the premises, and that these were not activities of Harvey Lippert in his business as a contractor. The defendants' evidence also tended to show that, even if the premises had been used for the construction business, the use had ceased by the time of trial. There was no evidence to indicate the likelihood of continued violations of the covenants in this respect.

The following principles are applicable: "Injunction is an appropriate remedy for breach of restrictive covenants, a remedy at law being inadequate and leading to a multiplicity of actions and the subversion of the plan of development protected by such covenants." Pool v. Denbeck, 196 Neb. 27, 241 N. W. 2d 503. However, an injunction will not issue against discontinued acts unless there are reasonable grounds to believe there will be a resumption of the violations or activities. The purpose of injunctive relief is preventive, protective, and prohibitory. Chizek v. City of Omaha, 126 Neb. 333, 253 N. W. 441; Conrad v. Kaup, 137 Neb. 900, 291 N. W. 687; 43 C. J. S., Injunctions, § 25, p. 810.

An action for injunctive relief is an equitable action which is triable de novo in this court. Pool v. Denbeck, *supra.* However, in weighing the evidence, we take into consideration the fact that the trial court had the advantage of observing the witnesses and, where the evidence is conflicting, must have accepted the successful party's version of the facts. Nickman v. Kirschner, 202 Neb. 78, 273 N. W. 2d 675.

In this case, the trial court did not make any specific findings. Thus, we do not know the exact basis of its decision.

In review de novo, however, we find that the alleged activities have ceased and are not likely to be resumed. Should future violations occur, equitable relief would still be available to the plaintiffs. Under these circumstances, it is not necessary that we make any determination as to precisely what the covenants mean and how the covenants would apply to the evidence in this case.

AFFIRMED.