ROBERT L. SCHMIDT, APPELLANT, V.
CHIMNEY ROCK IRRIGATION DISTRICT,
A CORPORATION, ET AL., APPELLEES.

305 N.W.2d 888

Filed May 22, 1981. No. 43231.

Holtorf, Kovarik, Nuttleman & Ellison, P.C., for
appellant.

Winner, Nichols, Meister & Douglas for appellee.

Heard before KRIVOSHA, C.J., WHITE, BRODKEY, and HASTINGS, JJ., and CAPORALE, District Judge.

CAPORALE, District Judge.

Robert L. Schmidt (Schmidt), the plaintiff and appellant herein, sought to enjoin the defendants and appellees, Chimney Rock Irrigation District (District) and its officers, from maintaining its canal as to prevent water from entering plaintiff's irrigation system when water in the District's canal is low, and from flooding plaintiff's land when water in the District's canal is high, as well as for damages resulting from the destruction of Schmidt's Timothy hay meadow. The District sought to quiet title to the canal in itself against any claimed right of Schmidt to flow water over, under, or across the canal.

The trial court denied the plaintiff any relief and found that the District's title to the land on which the canal is situated is superior to any claimed right of the plaintiff to flow water over, under, or across the canal. For the reasons hereinafter set forth, we affirm the decision and judgment of the trial court.

This is an action in equity; it is therefore the duty of the Supreme Court to try the issues de novo upon the record and to reach an independent conclusion without being influenced by the findings of the trial court, except, where the credible evidence is in conflict, to give weight to the fact that the trial court saw the witnesses and observed their demeanor while testifying, that it inspected the premises, and that its examination constituted evidence tending to influence belief or unbelief of the matters at issue in the case. Neb. Rev. Stat. § 25-1925 (Reissue 1979); *Sullivan v. Hoffman,* 207 Neb. 166, 296 N.W.2d 707 (1980); *Engel v. Rhen Marshall, Inc.,* 206 Neb. 265, 292 N.W.2d 307 (1980).

We find the pertinent facts to be that the District's predecessor acquired, in 1894, fee simple ownership

of a strip of land 60 feet wide adjacent to the section line between Section 24, Township 20 North, Range 52 West of the 6th P.M., and Section 19, Township 20 North, Range 51 West of the 6th P.M., in Morrill County, Nebraska. The canal in question, which returns the District's waste water to the North Platte River, was built on this right-of-way sometime prior to 1914; it runs generally from north to south. Schmidt owns land to the east of and adjacent to the canal on which he has maintained a Timothy hay field. Since 1933 plaintiff and his predecessors have irrigated their land with water from Fawcus Springs, located to the west of the District's canal. The District has maintained a flume or other devices in its canal so as to allow water to flow from Fawcus Springs under the canal onto plaintiff's land through an artificial, manmade drainage channel. Water did discharge from the canal onto plaintiff's land in 1974 through a hole in the flume structure; however, that has not occurred since plaintiff's tenant Rogers repaired the hole and flume structure. Such difficulty as Schmidt experienced in getting water from Fawcus Springs onto his land during the same period was due to the inadequacy of his irrigation system.

Neb. Const. art. I, § 21, provides that no property shall be damaged for public use without just compensation therefor. We have held in the past that an irrigation district is liable, without negligence, for damages occasioned by seepage of its waters. *Halstead v. Farmers Irr. Dist.*, 200 Neb. 314, 263 N.W.2d 475 (1978); *Applegate v. Platte Valley Public Power and Irrigation District*, 136 Neb. 280, 285 N.W. 585 (1939); *Baum v. County of Scotts Bluff*, 169 Neb. 816, 101 N.W.2d 455 (1960). In *Lindgren v. City of Gering*, 206 Neb. 360, 292 N.W.2d 921 (1980), we found the evidence established that the Gering Irrigation District had been negligent in failing to repair a break in its canal. We observed, however, that even in the absence of negligence we would have affirmed the

trial court's finding of liability on the part of the District, but found it unnecessary to decide that case on the basis of strict liability in view of the fact that specific acts of negligence had been pleaded and proved. The evidence here establishes that, because of a hole in its canal, the District discharged its water onto plaintiff's land. It fails, however, to establish that the discharge of the District's water onto plaintiff's land was a proximate cause of plaintiff's damage; it could just as well have been entirely due to plaintiff's inadequate irrigation system. It is the plaintiff's burden to establish the proximate cause of his injury. *McGill v. Card-Adams Co.*, 154 Neb. 332, 47 N.W.2d 912 (1951). See, also, Restatement (Second) of Torts § 430, Comment e, and § 431, Comment e (1965), stating the necessity that conduct be a legal cause of the harm is equally applicable where the conduct results in strict liability as when it is negligent.

Even if it were to be assumed arguendo that the damages were caused by the combination of both the inadequacy of Schmidt's irrigation system and the discharge of the District's canal water onto plaintiff's land, the evidence still would not allow us to award damages. The record does not apportion the damage caused by the District's water, if any, and the damage caused by plaintiff's inability to irrigate, if any. Where water from another source has been added to the water for which a defendant is liable and the combined water causes damage, it is incumbent upon the plaintiff to establish either that his entire damages would have occurred from the waters for which the defendant is liable, or to establish the amount of the damage caused by the water for which the defendant is liable. *McGill v. Card-Adams Co., supra; Seibold v. Whipple*, 143 Neb. 167, 9 N.W.2d 154 (1943).

We turn now to the question of whether plaintiff was entitled to injunctive relief. The evidence is that the flume structure has been repaired and the District's

canal water is not presently being discharged onto plaintiff's land. Injunctive relief is preventive, protective, and prohibitory; it will not issue to afford a remedy for what is past but only to prevent future mischief. Rights, if any, already lost and wrongs, if such, already perpetrated cannot be restrained or remedied by injunction. *Stuthman v. Lippert*, 205 Neb. 302, 287 N.W.2d 80 (1980); *Michelsen v. Dwyer*, 158 Neb. 427, 63 N.W.2d 513 (1954). Accordingly, Schmidt is not entitled to the injunctive relief he seeks.

The remaining issue concerns that portion of the trial court's judgment which finds that the District's title to the land on which its canal is located is "superior to any claim of the Plaintiff to flow water under or over or across said canal." The evidence clearly establishes that the District has fee simple title to the land on which its canal is located. The question concerns Schmidt's right to flow water under and across the canal structure. Plaintiff has neither pled nor proved the acquisition of any right to so flow water across defendants' land. It has been held that, generally, where surface waters, which ordinarily result from rainfall or melted snow, collect and flow into a natural drainage channel or depression, they may not be dammed, diverted, or otherwise repelled by the owner of the land upon which they flow. *Sullivan v. Hoffman, supra; Rolfsmeyer v. Seward County*, 182 Neb. 348, 154 N.W.2d 752 (1967); *Nichol v. Yocum*, 173 Neb. 298, 113 N.W.2d 195 (1962).

The judgment of the District Court is affirmed.

AFFIRMED.