ROBERT DEAN WOOD AND GERTRUDE WOOD, APPELLANTS, V. FARWELL IRRIGATION DISTRICT ET AL., APPELLEES.

349 N.W.2d 633

Filed June 1, 1984. No. 83-495.

John S. Mingus of Mingus & Mingus, for appellants.

Michael J. Shaughnessy of Shaughnessy, Shaughnessy & Shaughnessy, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This case involves the question of whether owners of property allegedly damaged by seepage from an irrigation works may recover for such damages from the operators of the irrigation works, or may only recover, if at all, from the holders of the title to the irrigation works. The trial court concluded that such a suit could not be maintained, and the court dismissed the suit. We believe that the trial court was in error, and for that reason we reverse and remand.

The appellants, Robert Dean Wood and Gertrude Wood, alleged in a petition filed in the district court for Howard County, Nebraska, that they were owners of certain real estate located in Howard County, Nebraska. Their petition further alleged that the defendants, Farwell Irrigation District (Farwell) and Loup Basin Reclamation District (Loup), operated and maintained an irrigation works and that seepage from the works had caused damage to the Woods' real property and buildings. Farwell and Loup filed a demurrer to the petition on the ground that the irrigation distribution system was not owned by either Farwell or Loup, but, instead, by the United States of America. The trial court overruled the demurrer, and both Farwell and Loup filed answers generally denying the allegations of the plaintiffs' petition.

Thereafter, the trial court granted a motion to add a third-party defendant, the United States of America. The third-party complaint alleged that the United States owned the distribution works and

that, in case of recovery, the United States must indemnify Farwell and Loup. A demurrer filed by the United States of America was sustained by the trial court, and the action proceeded against Farwell and Loup alone.

Thereafter, Farwell and Loup filed a motion for summary judgment. Following a hearing on the motion for summary judgment, the trial court sustained the motion and entered judgment for Farwell and Loup and against the plaintiffs. The court's journal entry recited in part as follows:

> Upon arguments of Counsel and Briefs submitted, the Court finds that there is no genuine issue as to any material fact; that the United States of America is the designer, constructor and owner of the distribution and supply works comprising the system operated by the Defendant Districts and the Defendant Districts are granted Summary Judgment against Plaintiffs Robert Dean Wood and Gertrude Wood.

It is from this order granting summary judgment to the defendants Farwell and Loup that the Woods appeal.

The evidence, as presented in support of the motion for summary judgment, discloses that both Farwell and Loup are political subdivisions of the State of Nebraska, formed under and pursuant to the provisions of Neb. Rev. Stat. §§ 46-101 et seq. and 46-501 et seq. (Reissue 1978). In 1957 Loup and Farwell entered into contracts with the United States of America which essentially provided that the United States of America would construct an irrigation system and that, following construction, Farwell and Loup would operate and maintain the system. Title to the system was to remain in the United States of America even though Farwell was to pay the construction costs in 40 annual installments. Following the construction of the system, the operation and maintenance was turned over to Farwell and Loup. Generally, Loup operates the system's irrigation ca-

nals and Farwell operates the irrigation laterals.

Our review of this case, of course, involves the rules concerning the granting of a summary judgment. A party is entitled to summary judgment only when there is no genuine issue as to any material fact, the ultimate inference to be drawn from the facts is clear, and the moving party is entitled to judgment as a matter of law. Additionally, in considering a motion for summary judgment, the evidence is to be viewed in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences which may reasonably be drawn. *McHenry v. First Nat. Bank*, 216 Neb. 580, 344 N.W.2d 652 (1984); *McFarland v. King*, 216 Neb. 92, 341 N.W.2d 920 (1983); *Cummings v. Kirby*, 216 Neb. 314, 343 N.W.2d 747 (1984).

Therefore, the question which we must first determine is whether, under the facts as alleged, both Farwell and Loup are relieved of liability as a matter of law and cannot, under the facts alleged, be held accountable for damages if, in fact, any have occurred. We think that this question must be answered in the negative. It is true that for many years the owner of an irrigation ditch or canal was held not to be liable to anyone whose land was injured by seepage unless the owner was negligent. See *Spurrier v. Mitchell Irrigation District*, 119 Neb. 401, 229 N.W. 273 (1930). Neb. Const. art. I, § 21, however, provides that "[t]he property of no person shall be taken *or damaged* for public use without just compensation therefor." (Emphasis supplied.) And the *Spurrier* rule was changed by this court in *Halstead v. Farmers Irr. Dist.*, 200 Neb. 314, 318-19, 263 N.W.2d 475, 478 (1978), when this court said:

> The plaintiff's right to damages is grounded upon the provisions of Article I, section 21, of the Constitution of Nebraska, and it is a right which the Legislature could not destroy. . . .
> We hold that irrigation districts organized

under Chapter 46 of the Nebraska statutes are liable for seepage damages under Article I, section 21, of the Constitution of Nebraska, without regard to negligence.

We recently reaffirmed that position in *Lindgren v. City of Gering*, 206 Neb. 360, 366, 292 N.W.2d 921, 925 (1980), when we said: "[A]n irrigation district is liable for seepage damage under Neb. Const. art. I, § 21, without regard to negligence." Therefore, unless the fact that the system involved in this action is owned by the United States of America and only *operated and maintained* by Farwell and Loup exempts Farwell and Loup from the general rule regarding the liability of an irrigation district, the decision of the trial court was obviously in error.

We see little justification, in light of Neb. Const. art. I, § 21, and our holdings in *Halstead* and *Lindgren*, to hold that the owners of an irrigation district may be strictly liable for seepage caused by the construction of an irrigation district and to exempt the operators or maintainers of a district from liability related to the operation or maintenance of the district simply because legal title may be elsewhere. If, in fact, the damage alleged to have occurred has been caused while the irrigation district was under the supervision and control of Farwell and Loup, then the question of where title to the system was is of no moment. We see little purpose in suggesting that where the damage is due to seepage, liability cannot be imposed simply because the district does not hold title, even though the district is responsible for its operation and maintenance. To do so would be, in our view, to create a distinction without a difference. Irrigation districts organized under the laws of the State of Nebraska are liable for seepage damage under Neb. Const. art. I, § 21, without regard to negligence, even though legal title to the project is vested in someone other than the irrigation district, if the irrigation dis-

trict is responsible for its operation and maintenance.

We should, however, be quick to point out that the mere fact that the Woods may maintain a suit against Farwell and Loup, even under our holdings to the effect that a district is liable for seepage damage without regard to negligence, does not eliminate the requirement to prove causation. The mere fact that property abutting a district is damaged does not entitle the property owner to recover for such damages, absent proof that the damages realized by the owner were proximately caused by the seepage from the irrigation district. That issue raises questions of fact yet to be resolved.

One final point which is raised by Farwell and Loup perhaps deserves comment. Farwell and Loup maintain that this is in effect an inverse condemnation action brought by the Woods. We do not believe this to be the case. While it is true that a property owner could bring an inverse condemnation action pursuant to Neb. Rev. Stat. § 76-705 (Reissue 1981) for damages of this type, see *Krambeck v. City of Gretna*, 198 Neb. 608, 254 N.W.2d 691 (1977), or might bring a claim for damages under the Political Subdivisions Tort Claims Act, see *Lindgren v. City of Gering, supra*, it is also clear that the Legislature has not prescribed a specific procedure, and, therefore, a claimant is not limited as to how a cause of action may be brought. In *Schmutte v. State*, 147 Neb. 193, 198, 22 N.W.2d 691, 694 (1946), we said:

> [L]egislative enactment is not necessary to give effect to section 21, article I, of the Constitution. It is a self-executing provision. Nine Mile Irrigation District v. State, 118 Neb. 522, 225 N.W. 679; Bordy v. State, 142 Neb. 714, 7 N.W.2d 632. It prohibits the state from damaging property for public use without compensation. It protects property rights from invasion by the state as well as the subdivisions of the state and corpo-

rations. Nine Mile Irrigation District v. State, *supra*. Likewise, it is established that, in the absence of a statute granting the right, damages cannot be recovered against the state for negligence of any of its officers, agents, or employees. Shear v. State, 117 Neb. 865, 223 N.W. 130. However, the fact that the state is not liable for the negligence of its officers, agents, and employees does not excuse it from liability for the taking or damaging of property which was or could have been done under its powers of eminent domain. [Citations omitted.] It likewise is settled that one whose property is damaged without actual taking is entitled to just compensation. [Citation omitted.]

While it might be desirable for the Legislature to consider establishing a procedure whereby one may sue for seepage damage, until such action is taken the property owner is not limited to any one available remedy, but may select from one of several. An owner of property allegedly damaged by seepage may, among other available rights, file a direct suit for damages against an irrigation district responsible for such alleged damages. We believe that the trial court erred in granting summary judgment. There are a number of questions of fact which must yet be resolved, and, under proper facts, liability may be imposed upon either Farwell or Loup. Therefore, this action should be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.

BOSLAUGH, J., concurs in the result.