Baker v. Moorhead.

---

BENJAMIN S. BAKER, APPELLANT, v. HARLEY G. MOORHEAD, APPELLEE.

FILED OCTOBER 18, 1919.    No. 21245.

1. **Constitutional Law: CONSTITUTIONAL CONVENTION: ELECTION OF MEMBERS.** The words, "The convention shall consist of as many members as the house of representatives, *who shall be chosen in the same manner*," contained in section 2, art. XV, Constitution, providing for the election of members to a constitutional convention, refer to the manner of electing representatives provided for in the Constitution, and a statute, which provides for nomination of members to a constitutional convention by petition only, and which is in other respects unlike the general law relating to primaries and nominations by petition, is not unconstitutional as changing the manner of election.

2. ———: ———: ———. Nor does the fact that the law under consideration provides for election of members of the convention at a special election, whereas representatives are required by the Constitution to be elected at a general election, amount to a change of manner.

3. ———: ———: ———. Section 13, art. XVI, Constitution, providing that officers "by the Constitution or laws made elective by the people" shall be elected at a general election, provided for in the

Constitution, was not intended to and does not include members of a constitutional convention.

4. ———: PROVISIONS FOR CONSTITUTIONAL CONVENTION: CONSTRUCTION. The general rule that the provisions of a Constitution will be construed as mandatory, rather than directory, does not apply with the same strictness to provisions of the Constitution providing for future constitutional conventions, as it applies to other parts of the Constitution.

5. ———: PROVISIONS FOR REVISION: CONSTRUCTION. A construction of a provision of the Constitution which would make difficult or impossible any fair and just method of revising it will not be adopted by the courts.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Baker & Ready* and *John P. Breen,* for appellant.

*Abel V. Shotwell* and *W. W. Slabaugh, contra.*

*Anson H. Bigelow* and *C. A. Sorensen, amici curiæ.*

CORNISH, J.

Action to enjoin the election commissioner in Douglas county from proceeding under chapter 196, Laws 1919, providing for the election of delegates to a constitutional convention, on the ground that the law is unconstitutional. From a judgment on sustaining the demurrer to the petition, plaintiff appeals.

Chapter 196, unlike the general law for primary elections and nominations of candidates, provides for the nomination of delegates to the convention by petition only, without party designation, on printed ballot. It requires the signatures of five per cent. of the electors in each district and verification by ·h of five of them; whereas, under the general law, application to representatives, not more than 2 igners to a petition, nor such verification, is requid.

It is contended that these changes from the general law render the law unconstitutional as violative of section 2, art. XV, Constitution, providing for the election of members to a constitutional convention, which con-

tains these words: "The convention shall consist of as many members as the house of representatives, *who shall be chosen in the same manner,*" etc. It is argued that this provision of the Constitution is mandatory, not directory, and that the law under consideration violates it in that the members are to be chosen in a manner different from that of choosing members of the house of representatives.

In construing Constitutions, the same as with other written instruments, the main inquiry is: What was the intent? In *Barkley v. Pool,* 102 Neb. 799, we said: "The general rule is that constitutional provisions are to be construed as mandatory, unless, by express provision or by necessary implication, a different intention is manifest." The main reason for this rule is that in Constitutions the sovereign power itself speaks and is laying down rules which, for the time at least, are to control alike the government and the governed. It is an instrument of a solemn and permanent character, laying down fundamental maxims, and, ordinarily, is not supposed to concern itself with mere rules of order in unessential matters. Its directions are likely to be intended as mandates, except in cases where such a construction would be so unreasonable that it becomes apparent that such was not the intent. Again, in the reasonable construction of a Constitution, it is to be observed that those provisions which have to do with the subjects and agents of the state—those provisions limiting the powers of the legislature and officials, and even those which have to do with amendments to the Constitution—stand upon a somewhat different footing from those which have to do with future attempts of the sovereign power itself to draft a new Constitution. The Constitution-makers of one generation would never really intend to prevent the people of a succeeding generation from exercising their sovereign right to alter or amend their fundamental laws. If the spirit of our free institutions and republican form of government is to be

preserved, some orderly and lawful way, avoiding tumult or revolution, must exist to make Constitutions conform to the will of the vast majority of the people. As said in *State v. Winnett*, 78 Neb. 379, 387, 10 L. R. A. n. s. 149, the courts will avoid giving to a restriction an interpretation which "might result in prohibiting any amendment, however it might be desired by the great mass of the people." In *Prohibitory-Amendment Cases*, 24 Kan. 700, Judge Brewer, in a case where a similar provision of the Constitution had not been followed, said (p. 710) : "The two important, vital elements in any constitutional amendment, are, the assent of two-thirds of the legislature, and a majority of the popular vote. Beyond these, other provisions are mere machinery and forms." We also quote from *Green v. Weller*, 32 Miss. 650, 684: "The means provided for the exercise of their sovereign right of changing their Constitution should receive such a construction as not to trammel the exercise of the right." It.follows that the provisions of a Constitution, providing for the calling of a future convention for the drafting of a new Constitution, might be construed as directory or recommendatory merely, when other portions of it would not be.

With this in mind, and also the rule of construction that laws will not be construed to be unconstitutional unless plainly so, we will consider what was intended by the above-quoted words of the Constitution. We are of opinion that they refer only to the manner of election of representatives that then prevailed and as set out in the Constitution itself. At that time our later enactments, governing primary elections and nominations by petition, were unknown, and the words, "chosen in the same manner," could not have referred to these later enactments, nor have anticipated present methods of nomination. The fact is, the manner of elections and the manner of nominations are different subjects of consideration. The Constitution-makers had only the former in mind. They wished to preserve to the people the

right of choosing members by election in the manner therein provided—a free election by ballot; at an election opened and conducted under general laws.  See section 22, art. I, secs. 2, 3, 5, 15, art. III; and secs. 1-6; art. VII, Constitution.  It is not to be presumed from the language used that it was intended to place restriction upon future legislation of the kind under consideration.  It is not asserted that chapter 196 is unwise or unfair in its provisions.  It is just that sort of an enactment which a legislature might think best for bringing about any changes needed in the Constitution to make it comport more nearly with the people's will.

The enactment is to be construed as mandatory, so that a statute, allowing the governor to appoint members of the convention, or providing that they shall be chosen by the legislature itself, or in any manner other than by ballot at a free election by all qualified voters of the state, would be unconstitutional.  It cannot be construed to intend to prohibit matters of mere form and machinery, that the people may deem necessary for securing a fair election of the delegates to the convention.

The law, evidently for the purpose of concentrating the choice of the people at the election, provided that, if the number of candidates equals or exceeds three times the number of delegates to be chosen, then a special primary election should be held and the number reduced to two times the number to be chosen; otherwise not.  It follows that in some districts it may happen that three candidates would appear on the ballot, and in others only two.  It is urged that this is special or class legislation, violative of section 15, art. III, Constitution. We think not.  The law is general and restricted by its terms to no particular locality; it operates equally upon all of a group of objects; it is based on a rational difference of situation and is not a special law.

The provision requiring the oath of five signers to a petition is objected to as an impediment and hindrance to the voter's right to have freedom in the matter of

getting candidates upon the official ballot, and violative of section 22 of the Bill of Rights. We hardly think that this provision is unduly burdensome. It is intended to prevent spurious petitions. The voter is still free to vote for whom he wishes by writing the name on the ballot.

Chapter 196 also provides for the election of delegates to the constitutional convention at a special and not the general election. The question is raised whether this provision is not contrary to section 2, art. XV, Constitution, above quoted, and also to section 13, art. XVI, Constitution, which provides that all officers (except certain ones named) "by the Constitution or laws made elective by the people" shall be elected at a general election therein provided for.

We are satisfied that, while in some cases the time of doing a thing may be part of the manner of doing it, ordinarily this is not the case, and is not in this instance. *Bankers Life Ins. Co. v. Robbins*, 59 Neb 170; *Opinion of the Justices*, 76 N. H. 586.

We are also of opinion that members of the constitutional convention are not officers intended to be embraced in the provisions of section 13, *supra*. They are not constitutional officers in a strict sense; they are officers who create a Constitution, rather than officers who are created by the Constitution. Section 13, read in connection with section 14, which has to do with terms of office, would indicate that those provisions have to do only with officers elected who have fixed terms of office, and should be elected at an election called with reference to the time of the beginning of their terms. The members of the convention have no fixed term of office, and, by the Constitution itself, the convention may be called at any time within three months after the election of its members.

The drafting of a new Constitution is likely to enlist the attention of the entire people as much as or more than any proposition that would come before them.

There are good reasons why the members should be elected at an election, freed from party politics, freed from what might be the sinister influences of other candidacies, and freed from anything that might distract the attention of the voter from those qualifications needed in a member who is to perform so important a function. We do not believe that the constitution-makers intended that this provision - of the Constitution should stand in the way, to prevent the legislature from doing what, to it, at the time may seem the wisest and best.

The initiative and referendum amendment, also voted after the Constitution of 1875 was adopted, has a bearing upon the question. Under this amendment, changes in the fundamental law, drafted by a faction or party, may be submitted to the people for adoption. Where the changes are radical and uncertain, it may well be better to have them formulated in a convention elected by all the people and after extended discussion.

AFFIRMED.