WALTER R. KENT, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

FILED MAY 25, 1929. No. 26828.

*S. L. O'Brien, Allen G. Fisher* and *Charles A. Fisher,* for appellant.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON, EBERLY and DAY, JJ., and BLACKLEDGE and REDICK, District Judges.

BLACKLEDGE, District Judge.

In this case the plaintiff seeks to recover for a loss alleged to have been sustained by him in the consumption of a large part of his crop of corn grown and standing on his premises· in Box Butte county by wild ducks and other game birds. He bases his right to maintain the suit upon the resolution adopted by the state senate April 8, 1927, which purports to authorize a suit by plaintiff against the state to determine the amount and liability for the damage claimed to have been sustained by plaintiff.

The case was determined in the district court upon demurrer to the plaintiff's petition, which demurrer was sustained and a judgment of dismissal entered. It is difficult to determine from an examination of the petition whether the plaintiff bases his claim for recovery fundamentally upon the theory that the state has a certain ownership in migratory game birds and having assumed control of them for the purposes of protection, propagation and conservation and committed such control to a department of the state and created a fund for that purpose, is liable for any depredations that may be committed by said wild game birds, as in alighting in flocks upon a field of grain and consuming a portion thereof for food; or whether he bases his right upon the theory that it was the duty of the game wardens, sheriffs and police officers in the enforcement of the regulations provided by law for the protection of such wild fowl to, as stated in his petition, "herd the game birds of defendant off and away from the crops of plaintiff." The petition alleges

that the defendant and its officers failed and refused to perform such duty and to feed and conserve the game birds on defendant's own lands, preserves and refuges, but intentionally permitted the birds to escape from defendant's premises and upon the cultivated lands of plaintiff and eat and depasture the lands and crops. It is apparent that, whether considered as a tort action strictly, the action sounds in tort; and it is to be noted that the resolution of the senate refers to a determination of damage sustained.

Considering either theory, however, we find it unnecessary to discuss propositions suggested in the briefs further than to say that the senate resolution does not purport to either recognize an existing liability or create one, but states that its purpose is to permit a determination of both "the amount and liability for such damage," and this case is ruled by the decision of this court in *Shear v. State,* 117 Neb. 865, wherein it is said:

"The legislature has not by law granted to any one the right to recover against the state damages for negligence of any of its officers, agents, or employees, and until such legislation is enacted, no recovery against the state can be had for such negligence. A resolution of one branch of the legislature, even if sufficient to permit suit, does not render the state liable for such negligence, and it therefore follows that the district court properly sustained the demurrer and dismissed plaintiff's action."

The judgment of the district court is therefore

AFFIRMED.

Note—See States (1) 25 R. C. L. 416; 4 R. C. L. Supp. 1588; 6 R. C. L. Supp. 1475; 7 R. C. L. Supp. 846—(2) 13 A. L. R. 1276; 42 A. L. R. 1477; 50 A. L. R. 1408.