REETA COX, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

279 N. W. 482

FILED MAY 6, 1938. No. 30333.

*E. H. Evans* and *Urban Simon,* for appellant.

*Richard C. Hunter, Attorney General,* and *Bert L. Overcash, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

This is an appeal from the district court for Lincoln county, wherein the court sustained a demurrer to the plaintiff's petition, which she filed pursuant to Legislative Bill No. 20, passed by the Fifty-second session of the Nebraska legislature. Laws 1937, ch. 132. The bill, in substance, waived the sovereignty of the state, the statute of limitations, created liability on the part of the state for negligence of its agents and servants, causing injury to the plaintiff, provided for the bringing of suit in the district court for Lincoln county, designated the attorney general to represent the state, and provided for payment out of the general fund of the state of any judgment finally rendered against the state.

Plaintiff's petition, in substance, alleged the authority granted by the state to bring this action, alleged negligence of the state's agents and servants, resulting in injury to the plaintiff, and prayed for compensatory relief.

Section 22, art. V of the Constitution of Nebraska, pro-

vides: "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought." Acting under this constitutional provision, Legislative Bill No. 20 was passed and intended as a special law in substance and form, permitting plaintiff to recover from the state for the tort of its agents and servants.

Section 27-319, Comp. St. 1929, provides, in part, as follows: "The several district courts of the judicial districts of the state as now provided for and established by the Constitution of the state, and of such judicial districts as may hereafter be provided by law, shall have jurisdiction to hear and determine the following matters: * * * Second. All claims or petitions for relief that may be presented to the legislature, and which may be by any law, or by any rule or resolution of the legislature, or either house thereof, referred to either of said courts for adjudication."

Plaintiff contends that the court erred in finding Legislative Bill No. 20 unconstitutional on the theory that it violates the constitutional restriction against special legislation. She cites the case of *McNeel v. State,* 120 Neb. 674, 678, 234 N. W. 786, wherein, referring to the second part of the statutory provision above quoted, it was stated that "claims in the second of the statutory classes are not included in the first but are based on wrongs or torts committed by departments, officers or agencies of the state," and claims coming under the second part of the statutory provision "must be presented to a district court with legislative authority to sue the state."

In the case of *Shear v. State,* 117 Neb. 865, 223 N. W. 130, one branch of the legislature authorized an individual to maintain an action against the state to recover damages caused by the negligence of a state employee. This court held: "Where the legislature has not by law provided for the recovery by an individual or corporation against the state for damages caused by the negligence of an officer, agent, or employee of the state, there can be no recovery

for such negligence until the legislature expressly by law makes the state liable therefor." In the body of the opinion we said (p. 866) :

"Section 22, art. V of the Constitution, provides: 'The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought.'

"This provision is not self-executing and requires legislative action to make it effective, and no suit could be maintained against the state until the legislature, by law, made provision therefor." The above case is quoted and approved in *Kent v. State,* 118 Neb. 501, 225 N. W. 672.

It therefore seems apparent that only by general law, uniform in its application to persons, can a liability of the state be constitutionally created for the negligence of its agents and servants. To like effect is *Sirrine v. State,* 132 S. Car. 241, 128 S. E. 172, wherein the supreme court of South Carolina, with constitutional provisions similar to ours, made a like pronouncement of the law as set forth in *Shear v. State, supra.*

Plaintiff cites the case of *City of Chadron v. State,* 115 Neb. 650, 214 N. W. 297. The 1922 legislature of Nebraska permitted recovery against the state by the city of Chadron for property of the city wrongfully taken, to the amount of the value of such property only, which is significant. The holding in that case was based on the principle of law announced in *Lancaster County v. State,* 74 Neb. 211, 104 N. W. 187, and *Lancaster County v. State,* 97 Neb. 95, 149 N. W. 331, that, where the state had taken and received property wrongfully, it was liable for the amount so taken and received. See *Nine Mile Irrigation District v. State,* 118 Neb. 522, 225 N. W. 679.

A clear distinction exists between the case at bar and the class of cases such as *City of Chadron v. State, supra,* and the *Lancaster County* cases, which *City of Chadron v. State* follows, in that in the instant case, in order to impose a liability on the state, a law must be passed which imposes such liability equally and uniformly in favor of all persons,

for future acts of negligence on the part of the state's agents and servants, while in the case of *City of Chadron v. State, supra,* and cases of like nature, there is a liability imposed upon the state by the Constitution in favor of any one which can be enforced.

In *Gledhill v. State,* 123 Neb. 726, 243 N. W. 909, it was held: "One whose land is damaged temporarily for public use by the construction of a public improvement by the state constitutes such a damage as requires compensation under section 21, art. I of the Constitution." Said section 21 provides: "The property of no person shall be taken or damaged for public use without just compensation therefor."

Legislative Bill No. 20 involves the right of an individual to sue the state, and the state in such bill creates a liability in the individual's favor that heretofore did not exist by virtue of general statute. The legislature is without force to pass a special law creating a liability in behalf of an individual and authorizing such individual to institute suit, in the absence of a general statute providing liability on the part of the state for the negligence of its agents and servants. *Shear v. State, supra; Kent v. State, supra.*

Section 18, art. III of the Constitution, provides: "The Legislature shall not pass local or special laws in any of the following cases, that is to say: * * * Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. In all other cases where a general law can be made applicable, no special law shall be enacted."

Plaintiff's contention in this respect is reflected by the case of *Weston v. Ryan,* 70 Neb. 211, 97 N. W. 347, which held: "It is for the legislature to determine as to the applicability of a general law to a given emergency, and as to the consequent propriety or otherwise of a special law." Cases are cited wherein this court has used similar language to that contained in *Weston v. Ryan, supra.* Therefore, plaintiff contends, section 18, art. III of the Constitution, is advisory, permissory, and not mandatory, which,

if true, would be tantamount to prohibiting judicial review of a special law passed by the legislature.

This court in *Barkley v. Pool,* 102 Neb. 799, 169 N. W. 730, held: "The general rule is that constitutional provisions are to be construed as mandatory, unless, by express provision or by necessary implication, a different intention is manifest."

In 11 Am. Jur. 686, sec. 69, it is said: "So strong is the inclination in favor of giving obligatory force to the terms of the organic law that it has even been said that neither by the courts nor by any other department of the government may any provision of the Constitution be regarded as merely directory, but that each and every one of its provisions should be treated as imperative and mandatory, without reference to the rules distinguishing between directory and mandatory statutes."

The reason for the foregoing rule is expressed by this court in *Baker v. Moorhead,* 103 Neb. 811, 174 N. W. 430. After announcing the general rule as set forth in *Barkley v. Pool, supra,* we said (p. 813) : "The main reason for this rule is that in Constitutions the sovereign power itself speaks and is laying down rules which, for the time at least, are to control alike the government and the governed. It is an instrument of a solemn and permanent character, laying down fundamental maxims, and, ordinarily, is not supposed to concern itself with mere rules of order in unessential matters."

This court has reviewed the action of the legislature in passing a special law where a general law can be made applicable, as provided for by section 18, art. III, of the Constitution. In *Anderson v. Lehmkuhl,* 119 Neb. 451, 229 N. W. 773, an act of the legislature was attacked as special legislation. In the opinion we find this language (p. 463) : "In our judgment this act is a special law and violates section 18, art. III of the Constitution, providing that, 'In all other cases where a general law can be made applicable, no special law shall be enacted.' " See, also, *State v. Wallace,* 117 Neb. 588, 221 N. W. 712.

We believe that this court has committed itself in holding that the provisions of the Constitution of the state are mandatory, having reference to section 18, art. III of the Constitution, and not permissory or advisory, and that special legislation is subject to judicial review in construing said section.

Plaintiff cites *Cunningham v. Douglas County,* 104 Neb. 405, 177 N. W. 742, which held: " 'The power of classification rests with the legislature, and this power cannot be interfered with by the courts, unless it is clearly apparent that the legislature has by an artificial and baseless classification attempted to avoid and violate the provisions of the Constitution prohibiting local and special legislation.' *Allan v. Kennard,* 81 Neb. 289."

In *State v. Wallace, supra,* the court said:

"It is within the power of the legislature to enact such special legislation covering the matters involved in this suit, where, in its judgment, the subject or matters to be remedied could not be properly remedied by a general law, and where the legislature has a reasonable basis for the enactment of the special law.

"While the legislature cannot arbitrarily and unreasonably make classification by legislation, it has the right to make reasonable classifications where the law will operate equally to all within the same class."

It will be noted in this case that, under the law of Nebraska, the legislature has a right to pass special legislation, as hereinbefore stated, and make a reasonable classification where the law will operate equally to all within the class.

In *State v. Hall,* 129 Neb. 669, 262 N. W. 835, it was held:

"By section 18, art. III of the Constitution, the legislature is prohibited from passing any act granting to an individual any special or exclusive privileges or immunity, and it is provided that, in all cases where a general law can be made applicable, no special law shall be enacted. *Held,* to prohibit class legislation which does not operate equally and uniformly upon all members of the class brought within its operation.

"The legislature may make a reasonable classification of persons, corporations and property for purposes of legislation concerning them, but the classification must rest upon real differences in situation and circumstances surrounding the members of the class, relative to the subject of the legislation, which render appropriate its enactment; and to be valid the law must operate uniformly and alike upon every member of the class so designated." In *Tukey v. Douglas County,* 133 Neb. 732, 277 N. W. 57, *State v. Hall, supra,* was cited with approval.

Section 39-1404, Comp. St. 1929, amended by chapter 83, Laws 1931, in part reads: "From and after the passage of this act, it shall be the duty of the department of public works to maintain the whole of the state highway system." In the instant case, the legislature created a liability in favor of this plaintiff for the tort of the state's agents and servants, resulting in an injury to her while she was traveling a highway under the control of the state. Legislative Bill No. 20, in substance and form, grants to this plaintiff a right as against all other persons using the highways of the state who are similarly situated. We believe that such act does not operate equally and uniformly on all members of the class brought within its operation. While a special privilege is granted to this plaintiff, the right is denied to others similarly situated to recover for the torts of the agents and servants of the state. To uphold this legislation would require individuals, similarly situated, to knock at the door of the legislature and ask that an exception be made in their particular cases, while others, less fortunate, may not be able to obtain the relief sought. If any basis for the classification can be said to exist, it must be found in the peculiar facts and circumstances of the injuries sustained by this plaintiff. Legislative Bill No. 20 discloses nothing unique or peculiar in the circumstances of the alleged injury which would serve to distinguish it, either in a legal or a moral sense, from any other wrongful act or commission of the agents or servants of the state. The act provides a special exemption in favor of this plaintiff,—

the right to recover for damages,—which it denies to all other persons similarly situated.

For the reasons given in this opinion, Legislative Bill No. 20 is void and unconstitutional. Other constitutional questions have been raised which it is not necessary to determine in this case.

·AFFIRMED.