REQUESTED BY: Senator Richard Maresh Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Maresh:
We have reviewed LB 518 in accordance with your request dated February 2, 1981. In our opinion the constitutionality of LB 518 is seriously suspect.
Article III, Section 18 of the Nebraska Constitution prohibits the Legislature from passing any special laws granting to any `individual any special or exclusive privileges, immunity or franchise whatever.' A law waiving the state's immunity for the benefit of an individual violates this provision. Cox v. State, 134 Neb. 751,279 N.W. 482. Nor can the Legislature waive the statute of limitations for benefit of a few within a class. Bordy v.State, 142 Neb. 714, 7 N.W.2d 632.
Neb.Rev.Stat. § 81-8,236 (Reissue 1976) provides for handling `miscellaneous claims' as follows:
 In addition to the powers, duties, and authority with regard to tort claims imposed by sections 81-8,209
to 81-8,235, the State Claims Board also shall receive and carefully investigate (1) all other claims against the State of Nebraska for the payment of which no money has been appropriated, . . .
(Emphasis added).
The above statutory provision establishes a class of claims for specific handling by the State Claims Board and Legislature. However, to avoid the constitutional difficulties imposed by Article III, Section 18, the claimant must strictly follow the procedures in Neb.Rev.Stat. § 81-8,236
through § 81-8,239 (Reissue 1976). For instance, a claim which is properly a tort claim (negligence) probably would not be included within the class established by § 81-8,236
since there is an appropriation for payment of tort claims in the tort claims fund. See Neb.Rev.Stat. § 81-8,2225 (Reissue 1976). In any event, a special bill for the payment of a claim for one person without following the statutory procedure would appear to contravene Article III, Section18, of the Nebraska Constitution.
Very truly yours, PAUL L. DOUGLAS Attorney General John R. Thompson Deputy Attorney General