REQUESTED BY: Senator William E. Barrett Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Barrett:
We have reviewed your January 25, 1984 letter in which you inquire (1) whether the Nettersheim claim as set out in LB 1014 is properly before the Legislature and (2) whether the claim must have been filed prior to the convening of the 1984 session for consideration at that session.
With respect to your first question, it first appears the claim was filed with the State Claims Board on June 11, 1981, and the Board on June 17, 1982 recommended allowance of the claim. The 1983 Legislature considered LB 621 and determined not to pay the Nettersheim claim. It appears that this all occurred in conformity with the `miscellaneous claim' procedure in Neb.Rev.Stat. §§ 81-8,236 et seq., and that the Legislature's action deleting the Nettersheim claim from LB 621 was the final action in the process. No further claim has been filed.
Article I, Section 16, of the Nebraska Constitution provides: `No . . . law . . . making any irrevocable grant of special privileges . . . shall be passed.'
Article III, Section 18, further provides: `The Legislature shall not pass . . . special laws . . . granting to any . . . individual any special or exclusive privileges . . . whatever. . . In all . . . cases where a general law can be made applicable, no special law shall be enacted.'
The Legislature has provided a general law for claimants such as Nettersheim in enacting Neb.Rev.Stat. § 81-8,236 to81-8,239. Consequently, the enactment of a special law would be unconstitutional where it benefits certain individuals who have not filed a claim with the State Claims Board under the above general law. We find no Supreme Court decisions directly on point but suggest thatCox v. State, 134 Neb. 751, 279 N.W. 482, and Bordy v.State, 142 Neb. 714, 7 N.W.2d 632, are supportive.
It further appears that the statutes do not prohibit the claimants from filing a new claim with the State Claims Board after which the matter would again be referred to the next session of the Legislature for review. However, since no claim has been filed yet, it probably could not be considered at the current session. Neb.Rev.Stat. § 81-8,239
requires review by the `next Legislature convening after the filing of the claim.' The claim if so filed would also be subject to all other defenses, including the defense of the appropriate statute of limitations.
Very truly yours, PAUL L. DOUGLAS Attorney General John R. Thompson Deputy Attorney General