REQUESTED BY: Senator John DeCamp
Would the proposed legislative bill (ROUGH DRAFT, REQ01SS/DG-11-08) be constitutional?
The proposed bill, in our opinion, is constitutionally suspect as special legislation.
The proposed bill in Section 2 creates a separate and limited class of tort claims allowable against the State of Nebraska. It applies in very limited circumstances and only to claims:
 (a) Arising from the Department of Banking and Finance's supervision, regulation or control;
 (b) Involving only financial institutions specified in Section 8-102;
 (c) Involving only financial institutions existing under Section 8-102 which have been declared insolvent under Sections 8-194 and 8-195;
 (d) Only where the aggregate sum of the claim being made is at least $10,000,000; and
 (e) If a separate legislative bill is signed by at least ten (10) members of the Legislature.
In addition to dramatically altering the procedural aspects of tort claims within this limited class, the law changes the substantive rules applicable to such claims. In particular as to this limited group of claims, the exemptions under the State Tort Claims Act which are set forth in Section 81-8,219, R.R.S. Nebraska, would not be applicable. Thus, the State's existing immunity from liability for discretionary acts, misrepresentation and deceit would not be available as to claims in this classification. A substantive change of this nature on a retroactive basis may or may not be valid.
The letter requesting the opinion refers to the Commonwealth matter. This proposed Act does not refer to Section8-416, R.R.S. Nebraska, which specifically authorizes the Department of Banking to take over industrial loan and investment companies. The sections referred to in the proposed bill deal with declarations of insolvency of commercial banks. It is suggested that the bill should be redrafted to include Section 8-416, R.R.S. Nebraska, and alleviate any possible ambiguity in this regard.
The bill is further ambiguous as to the rights of depositors who either have filed claims or legal actions against the State or who may wish to do so. It is recommended that this aspect of the bill be reviewed and clarified.
In any event, Article III, section 18, of the Nebraska Constitution specifically prohibits the passage of special legislation or the granting to any corporation, association or individual any special or exclusive privileges, immunity or franchise whatsoever. It further provides that where a general law can be made applicable, no special law shall be enacted.
This proposed legislative bill attempts the very specific classification of tort feasors and victims entitled to relief. It applies only to limited actions by the Department of Banking and Finance and would not include acts or omissions of any other agencies or units of state government. In addition, it would not include any other claims of victims against other agencies or units of state government. It further classifies by limiting its application only to situations in which the regulated financial institution had been declared insolvent under certain laws, and further attempts to split the designated class into a further class by making it applicable only to situations involving an aggregate claim of at least $10,000,000.
Our opinion after review of this constitutional provision as it has been construed by the Nebraska Supreme Court is that this proposed bill is constitutionally suspect as impermissible special legislation. See, United CommunityServices v. The Omaha Nat. Bank, 162 Neb. 786,77 N.W.2d 576 (1956); Cox v. State, 134 Neb. 751, 279 N.W. 482
(1938); Brody v. State, 142 Neb. 714, 7 N.W.2d 632 (1943); and Campbell v. City of Lincoln, 195 Neb. 703,240 N.W.2d 339 (1976).
In Weaver v. Koehn, 120 Neb. 115, 231 N.W. 703
(1930), the Supreme Court of Nebraska was confronted with a legislative appropriation of some $260,000 to repay depositors in failed banks (or such of their money as was deposited by them therein while the banks were closed and were being operated by the Guarantee Fund Commission). The Court held that the appropriation was constitutionally invalid. This decision may also adversely affect the constitutionality of this proposed legislation.
Respectfully submitted,
Edwin C. Perry, Special Assistant Attorney General